AMERICAN EXPRESS CO. *et al. v.* UNITED STATES (No. 672).[1]

BAYONETS ARE SIDE ARMS.

A bayonet when in use is affixed to a gun, but is not to be considered a part of the gun. The lexicons uniformly define "bayonets" as side arms. As such, they were dutiable under paragraph 154, tariff act of 1897, and are dutiable under paragraph 153, tariff act of 1909.

United States Court of Customs Appeals, November 22, 1911.

APPEAL from Board of United States General Appraisers, G. A. 7201 (T. D. 31477).
[Affirmed.]
*A. L. Hirsch* for the appellants.
*Wm. K. Payne*, Deputy Assistant Attorney General (*Thos. J. Doherty* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

Several protests are involved in this case, but all relate to the same article—bayonets. Some of these importations were made while the tariff act of 1897 was in force, while others were made after the tariff act of 1909 became operative.

The single question is whether these bayonets are dutiable as "side arms" under the provisions of paragraph 154 of the act of 1897 and paragraph 153 of the act of 1909, which are as follows:

154. Swords, sword-blades, and side-arms, thirty-five per centum ad valorem.

153. Sword-blades, and swords and side-arms irrespective of quality or use, in part of metal, fifty per centum ad valorem.

---

[1] Reported in T. D. 32049 (21 Treas. Dec., 602).

or as parts of muskets or rifles under paragraph 157 of the act of 1897 and paragraph 156 af the act of 1909, the language of which is identical and is as follows:

Muskets, muzzle-loading shotguns, rifles, and parts thereof, twenty-five per centum ad valorem.

The collector assessed the same as side arms and the Board of General Appraisers affirmed the collector.

No question of commercial designation is made, and therefore the case turns upon what is the ordinary meaning of the words "side arms." Do they include a bayonet, or is a bayonet a part of a musket or rifle?

"Side arms" are defined by various lexicographers as follows:

Standard Dictionary:

Weapons worn at the side, as swords, pistols, bayonets, etc., especially swords.

Webster's Dictionary:

Weapons worn at the side, as sword, bayonet, pistols, etc.

Century Dictionary:

Weapons carried by the side or at the belt, in contradistinction to musket, lance, etc

Encyclopædia Britannica:

Side arms are those which, when not in use, are worn at the side, *e. g.*, daggers, swords, bayonets.

The term "bayonet" is uniformly defined and commonly understood to mean a dagger or short stabbing instrument of steel for infantry soldiers, made to be attached to the muzzle of a gun when in use.

It is contended by the importers that a bayonet is a part of a musket or rifle, while the contention of the Government is that although when actually put to use in war it is attached to the musket or rifle, as the case may be, yet it is not an ordinary part thereof, and properly falls within the definition of side arms. The definitions of the term "side arms" as given above strongly substantiate this claim.

It seems unnecessary to review in much detail the evidence introduced by both sides at the hearing before the Board of General Appraisers, but it is sufficient to say that witnesses on both sides agree that when attached to musket or rifle the bayonet impedes the successful use thereof in firing, which is concededly the prime purpose of its use and existence. In other words, the bayonet is an auxiliary weapon to be attached to the musket or rifle in actual warfare under certain conditions; is not ordinarily so attached, and when unattached and carried by the soldier is worn in his belt like other side arms. Then, again, both rifles and muskets have large uses other than for purposes of war, and in such cases the bayonet would not seem to be any part thereof.

In an earlier case before it (see Abstract 22335, T. D. 30208) the Board of General Appraisers said:

A rifle is a complete article without the sword bayonet, and the latter is not an essential or necessary attachment to the rifle. The bayonet is worn as a sword or side arm, and though it may be attached to a rifle, that use is simply optional.

And it referred to that decision in the case at bar.

In the case of Schoverling et al. v. United States (142 Fed. Rep., 302) it was held that an india-rubber recoil pad, intended to take the place of the heelplate of a gun for the purpose of resisting its recoil when discharged, was not dutiable as a part of a gun, on the ground that it was not an essential, but simply an optional, attachment thereto.

We think the Board of General Appraisers committed no error in its determination of this case.

The importers in their brief insist that if the court concludes the bayonet to be a side arm, yet it should, nevertheless, be classified as a part of a rifle, because it is claimed that where articles are designated in the tariff act under two classifications "they should be assessed under the classification carrying the lower duty." This proposition would, in view of the provisions of section 7 of the act of 1897 and of paragraph 481 of the act of 1909 that "if two or more rates of duty shall be applicable to any imported article it shall pay duty at the highest of such rates," seem to be unfounded.

The judgment of the Board of General Appraisers is *affirmed.*

DE VRIES, Judge, did not sit in this case.