## PLUMMER & Co. *v.* UNITED STATES (No. 826).[1]

IMITATION HORSEHAIR BRAIDS SIMILAR TO COTTON BRAIDS.

The article which the importation most resembles in material, quality, texture, and use furnishes the basis for comparison in determining a duty by similitude. Here it seems clear that in the respects named artificial horsehair braids more nearly resemble cotton braids than straw braids.—United States *v.* Eckstein (2 Ct. Cust. Appls., 312; T. D. 32049); United States *v.* Cochran (3 *ib.;* T. D. 32349); United States *v.* Buss & Warner (3 *ib.;* T. D. 32357).

### United States Court of Customs Appeals, May 8, 1912.

APPEAL from United States Circuit Court for Southern District of New York, G. A. 6491 (T. D. 27761).   ·

[Affirmed.]

*Comstock & Washburn (Albert H. Washburn* and *George J. Puckhafer* of counsel) for appellants.

*William L. Wemple,* Assistant Attorney General *(Charles E. McNabb,* assistant attorney, of counsel; *Martin T. Baldwin,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The articles in suit are artificial horsehair hat braids imported under the law of 1897.

Paragraph 409 of the act provides for—

Braids * * * composed wholly of straw, chip, grass, palm leaf, willow * * * suitable for making or ornamenting hats * * * not bleached, dyed, colored, or stained, fifteen per centum ad valorem; if bleached, dyed, colored, or stained, twenty per centum ad valorem. * * * But the terms "grass" and "straw" shall be understood to mean these substances in their natural form and structure and not the separated fiber thereof.

Paragraph 339 provides for—

Braids * * * composed wholly or in chief value of flax, cotton, or other vegetable fiber, and not elsewhere specially provided for in this act * * * sixty per centum ad valorem.

Section 7, the similitude clause, provides—

That each and every imported article, not enumerated in this act, which is similar, either in material, quality, texture, or the use to which it may be applied, to any article enumerated in this act as chargeable with duty, shall pay the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned. * * *

The question which is presented for discussion in this case is whether artificial horsehair braids more closely resemble straw braids than cotton braids in material, quality, texture, or use. In determining this question, it is now conceded by counsel for the importers that

---

[1] Reported in T. D. 32539 (22 Treas. Dec., 866).

in view of the recent rulings of this court in United States *v.* Cochran (3 Ct. Cust. Appls., 57; T. D., 32349), United States *v.* Buss & Warner (3 Ct. Cust. Appls., 87; T. D. 32357), and United States *v.* Eckstein (2 Ct. Cust. Appls., 312; T. D. 32049) the rule is that to determine similitude of material, quality, texture, and use, comparison may be made with an article which in any of these particulars falls within a class named in the tariff act, although not designated *eo nomine,* and that the article which the importation most resembles furnishes the basis for comparison.

The material of which artificial horsehair is composed is shown by the testimony in this case to be most largely cellulose and to contain substantially the same proportions of cellulose and water that artificial horsehair does, and that straw contains much less cellulose and other material. As to its texture, we think it also clear that cotton braids more closely resemble artificial horsehair than do braids of straw. As to the similitude of use, both artificial horsehair and cotton braids resemble straw. But braids of straw have a broader use than do cotton braids or artificial horsehair braids. It seems clear on the whole that in all respects artificial horsehair braids more closely resemble cotton braids than braids of straw.

The board held the braids in question to be dutiable by similitude to silk braids. It is not now contended that this is the correct classification, but as the rate is the same for cotton braids as for silk braids, the result is that no injustice was done to the importer, and the decision is *affirmed.*

DE VRIES, Judge, was disqualified, and did not sit.